UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK



-PS-O-

RICHARD KEARNEY, 03A4948,

    Plaintiff,

    -v-

N.Y.S., D.O.C.S., C.O. R. DRANKHAN,
C.O. T. MCDONNELL and C.O. R. LETINA,

    Defendants.

DECISION AND ORDER
11-CV-6033CJS

Plaintiff, who is incarcerated in the Great Meadow Correctional Facility, has requested permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a), has both met the statutory requirements and furnished the Court with a signed Authorization, and has requested appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1). Plaintiff's request to proceed as a poor person is hereby granted. In addition, plaintiff's complaint has been screened by the Court with respect to the 28 U.S.C. §§ 1915(e) and 1915A criteria.

The Court has determined that *pro bono* counsel should be appointed in this action. Plaintiff has brought, among others, claims under the Americans with Disabilities Act (ADA), the Rehabilitation Act and 42 U.S.C. § 1983 (§ 1983) against the State of New York; the Department of Correctional Services, an administrative agency thereof; and three individual correctional employees. It appears from the complaint that plaintiff also seeks to hold responsible other corrections employees who he claims, among other things, denied him adequate medical care for serious injuries after he was subjected to excessive

use of force, and denied him due process in a disciplinary hearing related to false charges brought to cover-up the excessive use of force.

Plaintiff has requested appointment of counsel because of his limited education and knowledge of the law. Due to the nature of the claims brought, this potentially meritorious case presents complicated procedural and substantive issues on a number of bases. The first of which is determining what claims may be brought against which defendants. Claims for monetary damages under § 1983 may only be brought against individuals based on their personal involvement, while claims under the ADA and The Rehabilitation Act may not generally be brought against individuals. *See, e.g., Hallett v. New York State Dep't of Correctional Servs.*, 109 F.Supp.2d 190, 199-200 (S.D.N.Y.2000).

In addition, plaintiff claims denial of due process under § 1983 in a disciplinary hearing for which his sentence included loss of "good time." Generally, a challenge involving the fact or duration of a sentence may not be brought under § 1983 prior to the successful challenge to the conviction by way of habeas corpus or other relief. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). *See also Heck v. Humphrey*, 512 U.S. 477 (1994). However, the Second Circuit held in *Peralta v. Vasquez* that "a prisoner subject to such mixed sanctions [impacting both the conditions of confinement and the duration of the confinement] can proceed separately, under § 1983, with a challenge to the sanctions affecting his conditions of confinement without satisfying the favorable termination rule, *but that he can only do so if he is willing to forgo once and for all any challenge to any sanctions that affect the duration of his confinement.* In other words, the prisoner must abandon, not just now, but also in any future proceeding, any claims he may have with

respect to the duration of his confinement that arise out of the proceeding he is attacking in his current § 1983 suit." *Peralta v. Vasquez, et al.*, 467 F.3d 98 (2d Cir. 2006).

Due to the very complicated nature of the considerations involved in how, or whether, to proceed with certain claims discussed above, the Court has determined that appointment of *pro bono* counsel is warranted. This Court is required to see that all litigants receive proper representation of counsel under the criteria set forth in *Cooper v. A. Sargenti Co.*, 877 F.2d 170 (2d Cir. 1989), and *Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986). In addition, courts have the inherent authority to assign counsel to represent private indigent litigants. See *In re Smiley*, 36 N.Y.2d 433, 438 (1975).

More importantly, each lawyer — especially those who are admitted to practice in federal court and who therefore are in a position to reap the benefits of such practice — has an ethical obligation under the Code of Professional Responsibility to provide *pro bono* services for the poor. New York Code of Professional Responsibility, Canon 2, EC 2-16; EC 2-25. "Every lawyer, regardless of professional prominence or professional workload, should find time to participate in serving the disadvantaged." EC 2-25. In addition, Rule 83.1(g) of the Local Rules of Civil Procedure provides as follows:

> Every member of the bar of this Court shall be available upon the Court's request for appointment to represent or assist in the representation of indigent parties. Appointments under this rule shall be made in a manner such that no attorney shall be requested to accept more than one appointment during any twelve month period.

It is in this spirit that the Court assigns Timothy R. Mandronico, Esq. and Matthew M. Becker, Esq. of Alexander & Catalano, LLC, 1 East Main Street, Suite 900, Rochester, New York 14614, *pro bono*, to faithfully and diligently represent plaintiff in this case.

3

The Clerk of the Court is directed to copy that portion of the file in this matter that is not currently available through PACER on the Court's Case Management/Electronic Case Management System and send it to Timothy R. Mandronico and Matthew M. Becker, Esq., together with a copy of this order and the Guidelines Governing Reimbursement from the District Court Fund of Expenses Incurred by Court Appointed Counsel.[1]  The Chief Judge of the Court will also issue an Order directing PACER to waive its fees so pro bono counsel can access and print at no cost to him or his firm any other documents filed herein that he may need.  Plaintiff's attorneys are directed to discuss the case with their client and amend the complaint, if appropriate, so that the Court can again review the complaint with respect to the 28 U.S.C. §§ 1915(e) and 1915A criteria and direct service on the appropriate defendants.  Plaintiff's attorneys are directed to either amend the complaint, or inform the Court that they will proceed on the complaint as written by **March 3, 2011.**

The Clerk of the Court is directed to file plaintiff's papers without plaintiff's payment therefor, unpaid fees to be recoverable if this action terminates by monetary award in plaintiff's favor.

SO ORDERED.

Dated:     Jan. 27, 2011
           Rochester, New York

                                          _____
                                          CHARLES J. SIRAGUSA
                                          United States District Judge

---

[1] This information and the forms are also available on the Court's web site at the Attorney Information link from the home page located at: http://www.nywd.uscourts.gov/document/fundreimbvoweb.pdf.