UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

RICHARD KEARNEY,

                            Plaintiff,

                                                            Case # 11-CV-6033-FPG

v.

                                                            DECISION AND ORDER

CORRECTION OFFICERS R. DRANKHAN,
T. MCDONNELL and R. LETINA,

                            Defendants.

*Pro se* Plaintiff Richard Kearney filed this action under 42 U.S.C. § 1983, alleging that Defendants, three employees of the New York State Department of Corrections and Community Supervision ("DOCCS") facility in Attica, New York, violated his constitutional rights. The Complaint stems from an incident on or about November 9, 2008, where Plaintiff alleges that while he was an inmate at the Attica Correctional Facility, the Defendants utilized excessive force against him, and then falsely filed disciplinary reports against him to cover up the alleged incident. Because Plaintiff failed to exhaust his administrative remedies before commencing this action, Defendants' Motion for Summary Judgment (Dkt. # 27) is granted, and this case is dismissed with prejudice.

## DISCUSSION

The standard for ruling on a summary judgment motion is well known. A party is entitled to summary judgment "if the movant shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the pleadings,

depositions, answers to interrogatories, and admissions on file." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (internal quotation marks omitted).

When considering a motion for summary judgment, all genuinely disputed facts must be resolved in favor of the non-moving party. *Scott v. Harris*, 550 U.S. 372, 380 (2007). In order to establish a material issue of fact, the non-movant need only provide "sufficient evidence supporting the claimed factual dispute" such that a "jury or judge [is required] to resolve the parties' differing versions of the truth at trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986) (quoting *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288–89 (1968)). Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments). If, after considering the evidence in the light most favorable to the non-moving party, the Court finds that no rational jury could find in favor of that party, a grant of summary judgment is appropriate. *Scott*, 550 U.S. at 380 (citing *Matsushita*, 475 U.S. at 586-587).

Because the Plaintiff is proceeding *pro se,* his pleadings are held to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted). Accordingly, I will interpret Plaintiff's submissions "to raise the strongest arguments that they suggest." *Fulton v. Goord*, 591 F.3d 37, 43 (2d Cir. 2009).

Under the Prisoner Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 ... or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." If an inmate fails to exhaust their administrative remedies, they are barred from commencing a federal lawsuit. *Martin v. Niagara*

2

*County Jail*, No. 05–CV–00868(JTC), 2012 WL 3230435, at *6 (W.D.N.Y. Aug. 6, 2012). In other words, to commence a lawsuit "prisoners must complete the administrative review process in accordance with the applicable procedural rules – rules that are defined not by the PLRA, but by the prison grievance process itself." *Johnson v. Killian*, 680 F.3d 234, 238 (2d Cir. 2012). Exhaustion necessitates "using all steps that the [government] agency holds out, and doing so properly." *Amador v. Andrews*, 655 F.3d 89, 96 (2d Cir. 2011) (quoting *Woodford v. Ngo*, 548 U.S. 81, 90 (2006)). To be "[p]roper," exhaustion must comply with all of the agency's "deadlines and other critical procedural rules." *Woodford*, 548 U.S. at 90–91.

To satisfy the PLRA's exhaustion requirement, an inmate in New York is generally required to follow the prescribed DOCCS grievance procedure, which is set forth at 7 N.Y.C.R.R. § 701.5. In short, a prison inmate's administrative remedies consist of a three-step grievance and appeal procedure: (1) investigation and review of the grievance by the Inmate Grievance Resolution Committee ("IGRC"), which is comprised of inmates and DOCCS employees; (2) if appealed, review of the IGRC's determination by (or, if the committee is unable to reach a determination, referral to) the superintendent of the facility; and (3) if the superintendent's decision is appealed, review and final administrative determination by the Central Office Review Committee ("CORC"). *See id.* All three steps of this procedure must ordinarily be exhausted before an inmate may commence suit in federal court. *See Morrison v. Parmele*, 892 F.Supp.2d 485, 488 (W.D.N.Y. 2012) (citing *Porter v. Nussle*, 534 U.S. 516, 524 (2002)).

It is undisputed that the Plaintiff did not file an administrative grievance regarding this matter with DOCCS. In his Complaint[1], Plaintiff states that he "did not use the prisoner

---

[1] In his papers, Plaintiff repeatedly complains that his prior counsel filed an Amended Complaint in this case that Plaintiff did not approve. It is irrelevant to the outcome of this motion, as whether the Court relies on the original Complaint or the Amended Complaint, as the result

3

grievance procedure in the state institution" because "there was, nor is, within the prison grievance system no available or accessible administrative remedies that could have accomplished the purpose of affording any time of relief for a felony hate crime; racial unlawful discrimination; battery assault; and torture." Dkt. # 1, ¶¶ 17, 23. Defendants have submitted an affidavit from Mark Janes, Grievance Supervisor at the Attica Correctional Facility, in which he states that "my office has no record of a grievance filed by Plaintiff" during the time period of a week prior to the alleged incident through December 30, 2008, when Plaintiff was transferred out of Attica Correctional Facility. Dkt. # 27. As these facts are undisputed, I easily conclude that Plaintiff did not file a grievance with DOCCS regarding the November 9, 2008 incident, and he has therefore failed to exhaust his administrative remedies.

Although Plaintiff failed to comply with DOCCS' grievance procedure, in interpreting Plaintiff's papers liberally, he argues that he should be excused from the exhaustion requirement for three reasons. First, he claims that the grievance system cannot provide him with the relief he is seeking; second, he alleges that assault – the core allegation in his Complaint – is not a matter "about prison life" and therefore is outside the scope of the exhaustion requirement; and third, he argues that he wrote letters to officials including the Commissioner of DOCCS and spoke to prison officials about the incident, and those communications should serve as a substitute for his not filing a grievance. None of these arguments have merit.

Plaintiff's argument that he was not required to file a grievance because the DOCCS procedures could not grant him the relief he sought has been rejected by the United States Supreme Court. *See Booth v. Churner*, 532 U.S. 731, 741 (2001) ("Congress has mandated exhaustion…regardless of the relief offered through administrative procedures.")

---

would be the same. Nevertheless, the Court will refer to the Plaintiff's original *pro se* Complaint (Dkt. # 1), as he has requested.

Similarly, the Supreme Court has also rejected Plaintiff's argument that his assault allegation is not "about prison life," holding that the administrative exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

Finally, Plaintiff's argument that his letters or communications with DOCCS officials should serve as a substitute for filing a grievance falls flat as "decisions in this circuit have repeatedly held that complaint letters to the DOCCS commissioner or the facility superintendent do not satisfy the PLRA's exhaustion requirements." *Muhammad v. Pico*, No. 02 Civ. 1052 (AJP), 2003 WL 21792158, at *8 (S.D.N.Y. Aug. 5, 2003) (collecting cases). As one court observed, "[t]he Second Circuit has made clear that even if prison officials have notice of a prisoner's claims as a result of such informal communications, the purposes of the PLRA's exhaustion requirement can only be realized through strict compliance with the applicable administrative procedures." *Mamon v. New York City Dep't of Corr.*, No. 10 Civ. 3454 (NRB), 2012 WL 260287, at *4 (S.D.N.Y. Jan. 27, 2012) (citing *Macias v. Zenk*, 495 F.3d 37, 44 (2d Cir. 2007)).

The same is true for having conversations with prison officials about the incident, as "oral statements to various officials" do not satisfy the PLRA's exhaustion requirement. *Simon v. Campos*, No. 09 Civ. 6231 (PKC), 2010 WL 1946871, at *6 (S.D.N.Y. May 10, 2010); *see also Magassouba v. Cross*, No. 08 Civ. 4560 (RJH)(HBP), 2010 WL 1047662, at *8 (S.D.N.Y. Mar. 1, 2010) (collecting cases); *Harrison v. Goord*, No. 07 Civ. 1806 (HB), 2009 WL 1605770, at *8 (S.D.N.Y. June 9, 2009) (holding that oral complaints and sending letters to prison officials "just don't cut the mustard" in establishing exhaustion).

While I am aware that non-exhaustion can be excused under certain circumstances, *see Hemphill v. New York*, 380 F.3d 680, 686 (2d Cir. 2004), there is simply no basis to excuse Plaintiff's failure to exhaust his administrative remedies in this case. Plaintiff had the ability to file a grievance regarding his allegations, but chose not to do so. There is no allegation – much less any evidence – that Plaintiff was in any way prevented from accessing the grievance process, and despite his arguments to the contrary, there are no special circumstances that justify the Plaintiff's failure to comply with the DOCCS grievance procedures. As a result, Plaintiff's failure to exhaust his administrative remedies is fatal to this action, and the Defendants are entitled to summary judgment.

## CONCLUSION

Defendants' Motion for Summary Judgment (Dkt. # 27) is GRANTED and this action is dismissed with prejudice. The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a), that any appeal from this Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Any request to proceed *in forma pauperis* on appeal should be directed by motion to the United States Court of Appeals for the Second Circuit in accordance with Rule 24 of the Federal Rules of Appellate Procedure. The Clerk of the Court is directed to terminate this action.

IT IS SO ORDERED.

Dated: September 18, 2014
Rochester, New York

HON. FRANK P. GERACI, JR.
United States District Judge