UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

RICHARD KEARNEY,

                Plaintiff,

v.

CORRECTIONS OFFICERS R. DRANKHAN,
T. MCDONNEL, and R. LETINA,

                Defendants.

Case # 11-CV-6033-FPG

DECISION AND ORDER

By Decision and Order dated September 18, 2014, the Court granted Defendant's summary judgment motion and dismissed this case with prejudice because *pro se* Plaintiff Richard Kearney failed to exhaust his administrative remedies before commencing this action. ECF No. 44. Kearney appealed that decision to the United States Court of Appeals for the Second Circuit, and on March 4, 2015, the appeal was dismissed "because it 'lacks an arguable basis in law or in fact.'" *See Kearney v. N.Y. Dep't of Corr. Servs.,* No. 14-4536, ECF No. 41 (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)) (unpublished order). Kearney then petitioned the United States Supreme Court for a writ of certiorari and for permission to proceed *in forma pauperis*. On October 13, 2015, the Supreme Court denied Kearney's *in forma pauperis* application and dismissed his certiorari petition. *See Kearney v. N.Y. Dep't of Corr. Servs.*, 136 S. Ct. 355, *reconsideration denied*, 136 S. Ct. 606 (2015).

Kearney has now filed a motion under Fed. R. Civ. P. 60(b)(6) to vacate the Court's September 18, 2014 summary judgment decision and to reopen this case. ECF No. 50. For the following reasons, the application is DENIED.

## DISCUSSION

Federal Rule of Civil Procedure 60(b) "allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including

fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby.* 545 U.S. 524, 528 (2005). As relevant here, subsection 60(b)(6) "permits reopening when the movant shows 'any ... reason justifying relief from the operation of the judgment' other than the more specific circumstances set out in Rule 60(b)(1)-(5)." *Id.* at 528–29. To obtain relief under Rule 60(b)(6), a moving party must demonstrate "extraordinary circumstances" justifying the reopening of the final judgment. *Id.* at 536. "[A]s a general matter, a mere change in decisional law does not constitute an 'extraordinary circumstance' for the purposes of Rule 60(b)(6)." *Marrero Pichardo v. Ashcroft,* 374 F.3d 46, 56 (2d Cir. 2004).

Kearney argues that the Court should grant him relief under Rule 60(b)(6) for two reasons. First, Kearney argues that the Court should have held a hearing to determine whether he exhausted his administrative remedies, and second, he argues that he was entitled to a jury trial, since he demanded a jury trial in this case and never waived his right to trial by jury.

The law of the case doctrine bars the Court from now considering these issues. Under that doctrine, "[w]hen an appellate court has once decided an issue, the trial court, at a later stage of the litigation, is under a duty to follow the appellate court's ruling on that issue." *Brown v. City of Syracuse,* 673 F.3d 141, 147 (2d Cir. 2012). The doctrine also bars re-litigation in the district court of matters implicitly decided by an appellate court, as well as re-litigation of matters that could have been raised on appeal but were not. *See United States v. Ben Zvi,* 242 F.3d 89, 95 (2d Cir. 2001) ("where an issue was ripe for review at the time of an initial appeal but was nonetheless foregone, the mandate rule generally prohibits the district court from reopening the issue on remand unless the mandate can reasonably be understood as permitting it to do so.")

The proper time for Kearney to have argued that he was entitled to a hearing and a jury trial was during his appeal to the Second Circuit, and whether he actually raised those issues or

2

not before the Second Circuit, he certainly had the ability to do so. As a result, he is foreclosed from raising those issues now through this Rule 60(b)(6) application.

Even if the Court could consider these issues, they are without merit. It is well settled that the grant of summary judgment does not deprive a litigant of their constitutional right to a jury trial. *See, e.g., Maxwell v. N.Y. Univ.*, 407 F. App'x 524, 526 (2d Cir. 2010) ("Summary judgment determines only issues of law and does not impair the right to a jury trial"); *Benjamin v. Traffic Exec. Ass'n E. R.R.*, 869 F.2d 107, 115 n. 11 (2d Cir. 1989) ("Plaintiffs cannot attack summary judgment decisions as inimicable to the seventh amendment."). Further, Kearney has not advanced any basis to support his claim that a hearing on the summary judgment motion was necessary, and it is well settled that district courts are not required to hold hearings on every summary judgment motion. *See, e.g., Greene v. WCI Holdings Corp.*, 136 F.3d 313, 316 (2d Cir. 1998) ("Motions may be decided wholly on the papers, and usually are.").

Kearney's application discusses the Supreme Court's recent decision in *Blake v. Ross*, 578 U.S. ----, 136 S. Ct. 1850 (2016), and while Kearney quotes several passages from the Supreme Court's decision, he does not point to any facts that make *Blake* applicable to his circumstances. Indeed, *Blake* overruled the Second Circuit's decision in *Hemphill v. New York*, 380 F.3d 680, 686 (2d Cir. 2004), which permitted courts to evaluate whether "special circumstances" could excuse a plaintiff's failure to exhaust his administrative remedies. Far from relaxing the *Hemphill* standard, *Ross* does the opposite and eliminates "special circumstances" from the exhaustion calculus. Rather, the only relevant consideration now under *Ross* is whether administrative remedies were "available" to the prisoner.

In this case, the Court's summary judgment decision analyzed whether Kearney's failure to exhaust his administrative remedies could be excused under the more lenient *Hemphill*

standard, and concluded that there was no basis for such an excusal. Specifically, the Court found that "Plaintiff had the ability to file a grievance regarding his allegations, but chose not to do so. There is no allegation – much less any evidence – that Plaintiff was in any way prevented from accessing the grievance process." ECF No. 44 at 6. Even if *Ross* supported Kearney's arguments (which it does not), he could not succeed under the more demanding Ross standard, and in any event, he would still be foreclosed from re-litigating the exhaustion issue under the law of the case doctrine. Further, and as previously stated, "as a general matter, a mere change in decisional law does not constitute an 'extraordinary circumstance' for the purposes of Rule 60(b)(6)." *Marrero Pichardo,* 374 F.3d at 56. As such, even if Kearney's claim under *Ross* had merit (which it does not), it would not form the basis for relief under Rule 60(b)(6).

## CONCLUSION

For all of these reasons, Kearney's motion for relief under Fed. R. Civ. P. 60(b)(6) (ECF No. 50) is without merit, and is therefore DENIED. As it did in 2014, the Court again certifies, pursuant to 28 U.S.C. § 1915(a), that any appeal from this Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Any request to proceed *in forma pauperis* on appeal should be directed by motion to the United States Court of Appeals for the Second Circuit in accordance with Rule 24 of the Federal Rules of Appellate Procedure. This action shall remain closed.

IT IS SO ORDERED.

DATED:  May 17, 2017
        Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court