UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

RICHARD KEARNEY,

        Plaintiff,

                Case # 11-CV-6033-FPG

v.

                DECISION AND ORDER

CORRECTIONS OFFICER R. DRANKHAN,
T. MCDONNEL and R. LETINA,

        Defendants.

   By Decision and Order dated September 18, 2014, the Court granted Defendant's summary judgment motion and dismissed this case with prejudice because *pro se* Plaintiff Richard Kearney failed to exhaust his administrative remedies before commencing this action. ECF No. 44. Kearney appealed that decision to the United States Court of Appeals for the Second Circuit, and on March 4, 2015, the appeal was dismissed "because it 'lacks an arguable basis in law or in fact.'" *See Kearney v. N.Y. Dep't of Corr. Servs.,* No. 14-4536, ECF No. 41 (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)) (unpublished order). Kearney then petitioned the United States Supreme Court for a writ of certiorari and for permission to proceed *in forma pauperis*. On October 13, 2015, the Supreme Court denied Kearney's *in forma pauperis* application and dismissed his certiorari petition. *See Kearney v. N.Y. Dep't of Corr. Servs.*, 136 S. Ct. 355, *reconsideration denied*, 136 S. Ct. 606 (2015).

   On February 17, 2017, Kearney moved to vacate the Court's September 18, 2014 summary judgment decision and to reopen the case. ECF No. 50. By Decision and Order dated May 17, 2017, the Court denied those applications as meritless, and certified that any appeal from the Order would not be taken in good faith. ECF No. 51. Undeterred, Kearney now seeks reconsideration of the Courts' May 17, 2017 Order. ECF No. 52.

DISCUSSION

Motions for reconsideration are governed by Local Civil Rule 7(d)(3) and Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure. The standard for granting a motion for reconsideration is "strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (citation omitted) (addressing a Rule 59 motion). "A motion for reconsideration should be granted only when the [party] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013) (citation and internal quotation marks omitted); *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). It is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Surveys*, 684 F.3d at 52 (citation omitted). Accordingly, on a motion for reconsideration, a party may not merely offer the same "arguments already briefed, considered and decided," nor may a party "advance new facts, issues or arguments not previously presented to the Court." *Schonberger v. Serchuk*, 742 F. Supp. 108, 119 (S.D.N.Y. 1990). The decision to grant or deny the motion for reconsideration is within "the sound discretion of the district court." *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009).

Kearney fails to meet this demanding standard. His current application does not point to any facts or law that the Court overlooked in reaching its prior decision and instead, Kearney seeks to reargue points that he previously made. Such arguments are not an appropriate basis for seeking reconsideration. Kearney failed to exhaust his administrative remedies prior to commencing this suit, and as previously discussed in the Court's May 17, 2017 Decision and Order, the Supreme Court's intervening decision in *Blake v. Ross*, 578 U.S. ----, 136 S. Ct. 1850 (2016), does not

provide a basis for altering the Court's prior decision.  Kearney's reconsideration application is without merit, and is therefore DENIED.

## CONCLUSION

For the foregoing reasons, Kearney's Motion for Reconsideration (ECF No. 52), is DENIED in all respects.  The Court again certifies, pursuant to 28 U.S.C. § 1915(a), that any appeal from this Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied.  *Coppedge v. United States*, 369 U.S. 438 (1962).  Any request to proceed *in forma pauperis* on appeal should be directed by motion to the United States Court of Appeals for the Second Circuit in accordance with Rule 24 of the Federal Rules of Appellate Procedure.  This case remains closed.

IT IS SO ORDERED.

DATED:  August 18, 2017
        Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court